IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| v. | § | CRIMINAL NO. 3:16-CR-00245-L-1 |
| | § | |
| LAROY DAMONT JOHNSON, | § | |
| #54429-177, | § | |
| Defendant. | § | |

# MEMORANDUM OPINION AND ORDER

Before the court is Defendant's Request for Reconsideration (Doc. 147), filed June 5, 2020. Defendant requests reconsideration of the order denying his *pro se* motion for compassionate release based on COVID-19 under 18 U.S.C. § 3582(c)(1)(A) due to extraordinary and compelling reasons and the COVID-19 virus pandemic. As detailed here, the motion is **denied**.

I.

In 2017, a jury convicted Defendant of possessing drugs and guns and he was sentenced to a combined term of 96 months' imprisonment—36 months on the drug counts to run concurrently and a consecutive 60 months for possessing a gun in furtherance of a drug trafficking crime. Crim. Doc. 105. His conviction and sentence were affirmed on direct appeal. Crim. Doc. 143. Then on May 19, 2020, the court denied Defendant's motion for compassionate release, which mentioned generally his preexisting asthma condition. Defendant now seeks reconsideration because he continues to experience recurring problems with asthma. Crim. Doc. 147 at 1.

Although Defendant outgrew asthma as a teenager, he states that in April 2020, he began suffering from asthma again and was prescribed breathing treatments, a steroid shot, and an asthma pump. Because of continued, recurring problems with asthma and shortness of breath, Defendant

alleges he was examined once more on May 11, 2020, and prescribed a stronger inhaler with steroids. Defendant requests that the court consider him for home confinement.

According to the BOP's website, Defendant is 40 years old, has a projected release date of February 2, 2024, and is presently confined at FCI Forrest City Low in Arkansas. As of June 10, 2020, the BOP's website reported that 517 inmates and one staff person had tested positive for COVID-19 at FCI Forrest City Low and that 175 inmates and three staff had recovered.[1] Upon review, the court concludes that Defendant is not eligible for a sentence modification.

II.

A district court lacks inherent authority to modify a defendant's sentence after it has been imposed. *See* 18 U.S.C. § 3582(c); however, under Section 3582(c)(1)(A), as amended by the First Step Act of 2018, "[a] court, on a motion by the [Bureau of Prisons ("BOP")] or by the defendant after exhausting all BOP remedies, may reduce or modify a term of imprisonment, probation, or supervised release after considering the factors of 18 U.S.C. § 3553(a), if 'extraordinary and compelling reasons warrant such a reduction.'" *United States v. Chambliss*, 948 F.3d 691, 692-93 (5th Cir. 2020) (quoting 18 U.S.C. § 3582(c)(1)(A)(i)); *see id.* at 693 n.1. The court's decision must also be "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A).

Defendant asserts that on May 11, 2020, he submitted an administrative request to the warden seeking compassionate release and that he has yet to receive a response. Crim. Doc. 147 at 2-3. Even assuming he exhausted his administrative remedies, the court finds that Defendant

---

[1] The BOP's inmate locator and COVID-19 cases are available at the following links: https://www.bop.gov/inmateloc/ and https://www.bop.gov/coronavirus/ (last accessed on June 10, 2020).

has not presented extraordinary and compelling reasons consistent with the Sentencing Guidelines Policy Statement to warrant a reduction of his sentence under Section 3582(c)(1)(A).

> The policy statement sets forth three circumstances that are considered "extraordinary and compelling reasons." Among these are the "medical condition of the defendant," including where the defendant is "suffering from a serious physical or medical condition ... that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover."

*Muniz*, 2020 WL 1540325, at *1 (citing and quoting U.S.S.G. § 1B1.13(1)(A) & cmt. n.1).[2]

The court does not downplay Defendant's asthma condition or discount that being confined in a prison makes it more difficult for him or any prisoner to follow official precautions for social distancing and handwashing. Defendant has failed, however, to demonstrate sufficient grounds for compassionate release. First, he fails to establish that his asthma condition is sufficiently severe and that it diminish his ability to provide self-care. Defendant does not present any evidence and/or medical records documenting his current symptoms and own unique circumstances sufficient to establish exceptional and compelling circumstances. At best, he has again offered only conclusory assertions about his chronic asthma condition. *See Delgado v. United States*, 3:17-CR-242-B, 2020 WL 2542624, *3 (N.D. Tex. May 19, 2020) (denying compassionate release in part due to the defendant's failure to provide recent medical records "to establish how immunocompromised he may now be, which would have allowed the Court to assess his current ability to provide self-care").

---

[2] Because Section 1B1.13 of the advisory Guidelines has not been amended since the First Step Act widened the availability of compassionate release under Section 3582(c)(1)(A), some district courts have declined to apply this policy statement. *See, e.g., United States v. Gonzales*, No. SA-05-CE-561-XR, 2019 WL 5102742, at *2-3 (W.D. Tex. Oct. 10, 2019); *see also United States v. Perdigao*, Crim. A. No. 07-103, 2020 WL1672322, at *2 (E.D. La. Apr. 2, 2020).

The court still needs to assess the magnitude of Defendant's own unique circumstances and asthma condition, especially considering his relatively younger age (41). As noted in *Delgado*, 2020 WL 2542624, at *3, "the Court must consider every prisoner individually and should be cautious about making blanket pronouncements that categories of prisoners–for example, all those who have [chronic asthma]–warrant compassionate release, even given the unique circumstances of the COVID-19 pandemic." Moreover, despite the recent spike in COVID-19 positive cases at FCI Forrest City Low, general concerns about COVID-19 without more are simply insufficient to invoke Section 3582(c)(1)(A).

In addition, even if there are extraordinary and compelling reasons for a sentence reduction, the court is not persuaded that the Section 3553(a) factors would support Defendant's request for compassionate release. *See United States v. Chambliss*, 948 F.3d at 692-93. ("[C]ompassionate release is discretionary, not mandatory, and could be refused after weighing the sentencing factors of 18 U.S.C. § 3553(a)."). The court weighs those factors as it did at sentencing. Defendant is currently incarcerated for possession of drugs and guns. At sentencing, he was in Criminal History Category III (because of his prior criminal activity), the advisory guidelines range was 33-41 months on the drug counts and five years to life on the gun count, and the court imposed a combined sentence of 96 months. Crim. Doc. 106, *Statement of Reasons*. Based on the record as a whole, the court cannot now conclude that the Section 3553(a) factors would support the relief that Defendant seeks.

Finally, to the extent Defendant seeks release to home confinement, his request has no merit. The BOP has the discretion to place a prisoner on home confinement toward the end of his sentence under 18 U.S.C. § 3624(c)(2). *See United States v. Sneed*, 63 F.3d 381, 389 n. 6 (5th Cir. 1995). *See also* CARES Act, Pub. L. No. 116-136, § 12003(b)(2), 134 Stat 281 (2020) ("the

Director of the Bureau may lengthen the maximum amount of time for which the Director is authorized to place a prisoner in home confinement under the first sentence of section 3624(c)(2)"); however, "neither the CARES Act nor the First Step Act authorizes the court to release an inmate to home confinement." *Miller*, 2020 WL 2514887, at *1.

### III.

For the foregoing reasons, Defendant's motion for reconsideration is **denied**.

**It is so ordered** this 11th day of June, 2020.

 

Sam A. Lindsay
United States District Judge